FILED

December 3 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0439

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 359N

DANIEL K. O'CONNELL & VALERIE A. O'CONNELL,

        Plaintiffs and Appellants,

    v.

GLASTONBURY LANDOWNERS ASSOCIATION, INC.,
BOARD OF DIRECTORS,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause Nos. DV-2012-220, and
DV-2012-164
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Daniel K. O'Connell, (Self-Represented); Valery A. O'Connell
                (Self-Represented), Emigrant, Montana

        For Appellees:

                Michael P. Heringer; Seth M. Cunningham, Brown Law Firm, P.C.,
                Billings, Montana

                        Submitted on Briefs:  November 13, 2013
                                Decided:  December 3, 2013

Filed:

                _____

                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Daniel and Valery O'Connell appeal from the District Court's "Order on Plaintiffs' Motion for Summary Judgment and Defendants' Cross Motions for Summary Judgment," filed June 19, 2013.  We affirm.

¶3     The O'Connells reside in one of the two Glastonbury subdivisions located near Emigrant, Montana.  In the last few years the O'Connells have filed several legal actions challenging decisions of the Glastonbury Landowners Association.  In the current action the O'Connells request multiple forms of relief including injunction, mandamus and declaratory judgment against the Association.[1]

¶4     In the present action the O'Connells sought relief based upon their claims that the Association wrongly granted a variance to another landowner in the other Glastonbury subdivision several miles from the O'Connells' residence (the Erickson Variance issue); that the Association improperly applied several provisions of the By-Laws in its annual assessment from residents (the Guest House Assessment issue); that the Association

---

[1] These requests for relief are contained in two actions filed in District Court under cause Nos. DV-2012-220 and DV-2012-164.  The District Court's order that the O'Connells appeal from considered and disposed of all of the O'Connells' claims in both actions.

2

improperly entered a contract with an outside entity to provide administrative functions (the Minnick Contract issue); and that the Association improperly applied the By-Laws regarding the number of votes allowed to each membership (the Election Procedures issue). The parties moved for summary judgment and the District Court received extensive briefing and exhibits on these issues and held a hearing. The District Court fully considered and rejected the O'Connells' contentions on each issue and granted summary judgment in favor of the Association.

¶5 The District Court found that there were no disputed facts as to the Erickson Variance issue; that applicable rules gave the Association the discretion to approve or deny variance requests; that only the O'Connells had objected to the variance; and that the O'Connells had not demonstrated any basis for overturning the decision. The District Court found that there were no disputed facts as to the Guest House Assessment issue and that the Association had engaged in a "straightforward interpretation" of the applicable covenants. The District Court found that the Association had the authority under state law and its By-Laws to enter the Minnick contract and that doing so was necessary to its operation. The District Court determined that the Association has the authority under its By-Laws to administer elections, and that the current method of allocating votes to members has been in place since 1997 without objection from the O'Connells. We find that the District Court properly considered the applicable facts and law and properly granted summary judgment to the Association on all issues.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District

Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶7      Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE